UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

WINDSOR LUBIN,

          Plaintiff,

      -against-

UNITED STATES OF AMERICA,

          Defendant.

-----------------------------------------------------------X

Civil Case No

**COMPLAINT
and
JURY DEMAND**

**COUNSEL:** THE TADCHIEV LAW FIRM, PC, 299 Jericho Turnpike Floral Park, New York 11001; Tel.: (718) 380-1200; F: 718-380-1400.

Plaintiff, WINDSOR LUBIN, by his attorneys, THE TADCHIEV LAW FIRM, PC, as and for his Complaint against the defendant respectfully sets forth:

**JURISDICTION**

1. This is a civil action brought under the Federal Tort Claims Act seeking monetary damages against defendant for committing acts or omissions of negligence and carelessness causing injuries to plaintiff, WINDSOR LUBIN due to a motor vehicle accident that occurred on May 25, 2023, at or near Springfield Boulevard near its intersection with 115th Avenue, County of Queens, State of New York.

2. The plaintiff is a citizen of the United States and a resident of the County of Nassau, Town of Elmont and State of New York.

3. The defendant is the UNITED STATES OF AMERICA.

4.    On February 20, 2024, plaintiff filed his administrative claim with the United States Postal Service pursuant to 28 U.S.C. §240l(b). The acknowledgment letter dated May 1, 2024 (See copy attached hereto as **Exhibit 1**). This suit has been filed six months after the date of the United States Postal Service's acknowledgement of the claim.

5.    That in accordance with 28 U.S.C. paragraphs 2674 and 2679 the proper Defendant in this action are the UNITED STATES OF AMERICA. The jurisdiction of this Court is invoked pursuant to the Federal Tort Claims Act 28 U.S.C. §1346(b), which provides that the United States District Court shall have exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligent act of any employee of the Government while acting within the scope of employment.

6.    The jurisdiction of this Court is further invoked in the Second Count of this Complaint for negligence against the aforesaid defendants pursuant to 28 U.S.C. §1367 which provides for supplemental jurisdiction over related state law claims.

7.    That further, the matter in controversy exceeds, exclusive of interest and costs, the sum of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## THE PARTIES

8.    The Plaintiff, WINDSOR LUBIN, at the time of the accident, was and still is, a resident of the County of Nassau, Town of Elmont and State of New York.

9.    The defendant, the UNITED STATES OF AMERICA, was the owner and the employer of the operator of the motor vehicle involved in the accident which occurred

within the County of Queens, City and State of New York.

## VENUE

10.   The venue for this civil action is laid in the Eastern District of New York pursuant to 28 U.S.C 1402(b) since the act complained of occurred in the County of Queens, City and State of New York.

11.   Further, Venue is in the Eastern District of New York is proper as the plaintiff resides within the Eastern District.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF

12.   Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

13.   That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless, reckless and negligent manner in which the defendant, UNITED STATES OF AMERICA, owned, operated, maintained, managed and controlled a motor vehicle bearing USPS serial/identification number 2219251, without this Plaintiff(s) in any way contributing thereto.

14.   That at all times hereinafter alleged, and upon information and belief, the United States Postal Service, was a federal agency of the defendant UNITED STATES OF AMERICA.

15.    That at all times hereinafter alleged, and upon information and belief, the United States Postal Service, was an independent establishment of the executive branch of the federal government of the defendant UNITED STATES OF AMERICA.

16.    That at all times hereinafter alleged, and upon information and belief, Andrew Randal Johnson, was an employee of the United States Postal Service, a federal agency of the defendant, UNITED STATES OF AMERICA.

17.    That at all times hereinafter alleged, and upon information and belief, Andrew Randal Johnson, was in the course of his employment, operated, maintained, managed and controlled the motor vehicle bearing USPS serial/identification number 2219251.

18.    That at all times hereinafter alleged, and upon information and belief, the defendant, UNITED STATES OF AMERICA, maintained a principal place of business in the County of Queens, State of New York.

19.    That at all times hereinafter alleged, and upon information and belief, the defendant, UNITED STATES OF AMERICA, conducted and carried on business in the County of Queens, and the State of New York.

20.    That at all times hereinafter alleged, and upon information and belief, the defendant UNITED STATES OF AMERICA, conducted and carried on business in the State of New York.

21.    That at all the times hereinafter alleged, and upon information and belief, the defendant, UNITED STATES OF AMERICA, transacted business within the County

of Queens, State of New York.

22.    That at all times hereinafter mentioned, defendant, UNITED STATES OF AMERICA was the registered owner of a motor vehicle bearing USPS serial/identification number 2219251.

23.    That at all times hereinafter alleged, and upon information and belief, the defendant, UNITED STATES OF AMERICA, was the titled owner of a motor vehicle bearing USPS serial/identification number 2219251.

24.    That at all times hereinafter alleged, and upon information and belief, the defendant, UNITED STATES OF AMERICA, was the registered owner of a motor vehicle bearing USPS serial/identification number 2219251.

25.    That at all times hereinafter alleged, and upon information and belief, the defendant, UNITED STATES OF AMERICA, was the lessee of a motor vehicle bearing USPS serial/identification number 2219251.

26.    That at all times hereinafter alleged, and upon information and belief, the defendant, UNITED STATES OF AMERICA, was the lessor of a motor vehicle bearing USPS serial/identification number 2219251.

27.    That at all times hereinafter alleged, and upon information and belief, the defendant, UNITED STATES OF AMERICA, was the renter of a motor vehicle bearing USPS serial/identification number 2219251.

28.    That at all times hereinafter alleged, and upon information and belief, the United States Postal Service, maintained a principal place of business in the  County of Queens, State of New York.

29.    That at all times hereinafter alleged, and upon information and belief, the United States Postal Service, conducted and carried on business in the County of Queens, and the State of New York.

30.    That at all times hereinafter alleged, and upon information and belief, the United States Postal Service, conducted and carried on business in the State of New York.

31.    That at all the times hereinafter alleged, and upon information and belief, the United States Postal Service, transacted business within the County of Queens, State of New York.

32.    That at all times hereinafter mentioned, the United States Postal Service was the owner of a motor vehicle bearing USPS serial/identification number 2219251.

33.    That at all times hereinafter alleged, and upon information and belief, the United States Postal Service, was the titled owner of a motor vehicle bearing USPS serial/identification number 2219251.

34.    That at all times hereinafter alleged, and upon information and belief, the United States Postal Service, was the registered owner of a motor vehicle bearing USPS serial/identification number 2219251.

35.    That at all times hereinafter alleged, and upon information and belief, the United States Postal Service, was the lessee of a motor vehicle bearing USPS serial/identification number 2219251.

36.    That at all times hereinafter alleged, and upon information and belief, the United States Postal Service, was the lessor of a motor vehicle bearing USPS

serial/identification number 2219251.

37.   That at all times hereinafter mentioned, defendant, UNITED STATES OF AMERICA, maintained the aforesaid motor vehicle bearing USPS serial/identification number 2219251.

38.   That at all times hereinafter mentioned, defendant, UNITED STATES OF AMERICA, managed the aforesaid motor vehicle bearing USPS serial/identification number 2219251.

39.   That at all times hereinafter mentioned, defendant, UNITED STATES OF AMERICA, controlled the aforesaid motor vehicle bearing USPS serial/identification number 2219251.

40.   That at all times hereinafter mentioned, defendant, UNITED STATES OF AMERICA, repaired the aforesaid motor vehicle bearing USPS serial/identification number 2219251.

41.   That at all times hereinafter mentioned, defendant, UNITED STATES OF AMERICA, operated the aforesaid motor vehicle bearing USPS serial/identification number 2219251.

42.   That at all times hereinafter mentioned, the United States Postal Service, maintained the aforesaid motor vehicle bearing USPS serial/identification number 2219251.

43.   That at all times hereinafter mentioned, the United States Postal Service, managed the aforesaid motor vehicle bearing USPS serial/identification number 2219251.

44. That at all times hereinafter mentioned, the United States Postal Service, controlled the aforesaid motor vehicle bearing USPS serial/identification number 2219251.

45. That at all times hereinafter mentioned, the United States Postal Service, repaired the aforesaid motor vehicle bearing USPS serial/identification number 2219251.

46. That at all times hereinafter mentioned, the United States Postal Service, operated the aforesaid motor vehicle bearing USPS serial/identification number 2219251.

47. That at all times hereinafter mentioned, Andrew Randal Johnson, maintained the aforesaid motor vehicle bearing USPS serial/identification number 2219251.

48. That at all times hereinafter mentioned, Andrew Randal Johnson, managed the aforesaid motor vehicle bearing USPS serial/identification number 2219251.

49. That at all times mentioned, Andrew Randal Johnson, controlled the aforesaid motor vehicle bearing USPS serial/identification number 2219251.

50. That at all times hereinafter mentioned, Andrew Randal Johnson, repaired the aforesaid motor vehicle bearing USPS serial/identification number 2219251.

51. That at all times hereinafter mentioned, Andrew Randal Johnson, operated the aforesaid motor vehicle bearing USPS serial/identification number 2219251.

52. That at all times hereinafter alleged, and upon information and belief, Andrew

Randal Johnson, operated the aforesaid motor vehicle USPS serial/identification number 2219251 with knowledge, permission and consent of defendant, UNITED STATES OF AMERICA.

53.    That at all times hereinafter alleged, and upon information and belief, Andrew Randal Johnson, operated the aforesaid motor vehicle bearing USPS serial/identification number 2219251 within the scope of his employment with the defendant, UNITED STATES OF AMERICA.

54.    That at all times hereinafter alleged, and upon information and belief, Andrew Randal Johnson, maintained a motor vehicle bearing USPS serial/identification number 2219251 with knowledge, permission and consent of the defendant UNITED STATES OF AMERICA.

55.    That at all times hereinafter alleged, and upon information and belief, Andrew Randal Johnson, managed a motor vehicle bearing USPS serial/identification number 2219251 with knowledge, permission and consent of the defendant UNITED STATES OF AMERICA.

56.    That at all times hereinafter alleged, and upon information and belief, Andrew Randal Johnson, controlled a motor vehicle bearing USPS serial/identification number 2219251 with knowledge, permission and consent of the defendant UNITED STATES OF AMERICA.

57.    That at all times hereinafter alleged, and upon information and belief, Andrew Randal Johnson, repaired a motor vehicle bearing USPS serial/identification number

2219251 with knowledge, permission and consent of the defendant UNITED STATES OF AMERICA.

58. That at all times hereinafter alleged, and upon information and belief, Andrew Randal Johnson, operated the aforesaid motor vehicle bearing USPS serial/identification number 2219251 with knowledge, permission and consent of the United States Postal Service.

59. That at all times hereinafter alleged, and upon information and belief, Andrew Randal Johnson, operated the aforesaid motor vehicle bearing USPS serial/identification number 2219251 within the scope of his employment with the United States Postal Service.

60. That at all times hereinafter alleged, and upon information and belief, Andrew Randal Johnson, maintained a motor vehicle bearing USPS serial/identification number 2219251 with knowledge, permission and consent of the United States Postal Service.

61. That at all times hereinafter alleged, and upon information and belief, Andrew Randal Johnson, managed a motor vehicle bearing USPS serial/identification number 2219251 with knowledge, permission and consent of the United States Postal Service.

62. That at all times hereinafter alleged, and upon information and belief, Andrew Randal Johnson, controlled a motor vehicle bearing USPS serial/identification number 2219251 with knowledge, permission and consent of the United States Postal

Service.

63.    That at all times hereinafter alleged, and upon information and belief, Andrew Randal Johnson, repaired a motor vehicle bearing USPS serial/identification number 2219251 with knowledge, permission and consent of the United States Postal Service.

64.    That at all times hereinafter mentioned, plaintiff, WINDSOR LUBIN, owned and operated a motor vehicle bearing New York State Registration number KYD5397.

65.    That at all times hereinafter mentioned, at or near Springfield Boulevard near its intersection with 115th Avenue, County of Queens, State of New York, was and still is a public highway open to and used extensively by the general public.

66.    That on May 25, 2023, at the aforesaid location, the motor vehicle bearing USPS serial/identification number 2219251 came in contact with the aforesaid motor vehicle bearing New York State Registration number KYD5397.

67.    That as a result of the foregoing, the plaintiff sustained personal injuries.

68.    That the aforesaid accident and resulting injuries were due solely and wholly as result of the careless, reckless and negligent manner in which the defendants owned, operated, maintained, managed and controlled their motor vehicle, without this plaintiff in any way contributing to the accident thereto.

69.    The above mentioned accident and the resulting injuries occurred at the aforementioned time and place due to the negligence of the defendant(s) in the ownership, operation, maintenance, repair, supervision, inspection management

and/or control of the motor vehicle; in failing to observe the roadway and traffic conditions then and there existing; in failing to yield the right of way; in failing to stay in the proper lane; in failing to maintain adequate and safe distance between the defendants' vehicle and the plaintiff's vehicle; in carelessly and negligently striking the plaintiff's vehicle in the rear; in failing to signal before changing lanes; in drifting into another lane of traffic; in driving too quickly; in failing to pay attention; in being an inexperienced and untrained driver; in traveling at an excessive rate of speed for the circumstances then and there existing; in failing to look and in failing to see what there was to be seen; in failing to timely apply the brakes; in failing to take evasive action; in failing to maintain proper control over the defendant's motor vehicle in failing to observe the Vehicle and Traffic Laws of the State of New York; in failing to make proper use of the vehicles' steering, braking and/or signals; in failing to properly maintain the tires, brakes and steering; in losing control of the motor vehicle; in failing to pay attention and in causing the accident, and in otherwise being careless and negligent.

70.    That the defendant committed culpable acts contributing to this accident as well as negligence.

71.    That by reason of the foregoing and the negligence of the defendants, the Plaintiff WINDSOR LUBIN, was severely injured, bruised and wounded; suffered, still suffers and will continue to suffer physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

72. By reason of the foregoing, the Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the Plaintiff was subjected to great physical pain and mental anguish some of which injuries plaintiff is informed and believes to be permanent in nature and plaintiff has been confined to hospital, bed and home as a result thereof.

73. That by reason of the foregoing, the Plaintiff WINDSOR LUBIN, was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medical treatment and medicines and upon information and belief, the Plaintiff will necessarily incur similar expenses in the future.

74. That by reason of the foregoing, the Plaintiff WINDSOR LUBIN, has been unable to attend to his usual occupation and/or vocation in the manner required.

75. That by reason of the wrongful, negligent and unlawful actions of the defendant, as aforesaid, the Plaintiff, WINDSOR LUBIN, sustained a "serious injury" as defined in Section 5102 (d) of the Insurance Law of the State of New York.

76. That at all times hereinafter mentioned, the plaintiff WINDSOR LUBIN is a "covered person" as defined by in Section 5102 of the Insurance Law of the State of New York.

77. That by reason of the foregoing, the plaintiff WINDSOR LUBIN is entitled to recover for non-economic loss and for such losses as are not included

within the definition of "basic economic loss" as set forth in Section 5102 of the Insurance Law.

78. That one or more of the exceptions of paragraph 1602 of the Civil Practice Law and Rules applies to the within action.

79. That as a result of the foregoing, the Plaintiff, WINDSOR LUBIN, has sustained damages in the sum of FIVE MILLION ($5,000.000.00) DOLLARS all together with the costs, interest, and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

80. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

81. That at all times herein mentioned, the defendant, UNITED STATES OF AMERICA, was under a duty and/or obligation to promulgate and to enforce sufficient rules and regulations of and concerning safety standards for vehicles operated by the defendant UNITED STATES OF AMERICA.

82. That at all times herein mentioned, the defendant, UNITED STATES OF AMERICA, was negligent, careless and reckless in failing to promulgate and to enforce sufficient rules and regulations of and concerning safety standards for vehicles operated by the defendant UNITED STATES OF AMERICA.

83. That at all times herein mentioned, the defendant, UNITED STATES OF AMERICA, was under a duty and/or obligation to promulgate and to enforce

sufficient rules and regulations of and concerning safety standards for vehicles operated by the United States Postal Service.

84.    That at all times herein mentioned, the defendant, UNITED STATES OF AMERICA, was negligent, careless and reckless in failing to promulgate and to enforce sufficient rules and regulations of and concerning safety standards for vehicles operated by the United States Postal Service.

85.    That at all times herein mentioned, the defendant, UNITED STATES OF AMERICA, was negligent, careless and reckless in failing to hire, employ and competently train drivers for the purpose of operating their vehicles including the subject vehicle bearing USPS serial/identification number 2219251 involved in the within action.

86.    That at all times herein mentioned, the defendant, UNITED STATES OF AMERICA, was negligent, careless and reckless in hiring Andrew Randal Johnson.

87.    That at all times herein mentioned, the defendant, UNITED STATES OF AMERICA was negligent, careless and reckless in failing to train Andrew Randal Johnson properly and professionally.

88.    That at all times herein mentioned, the defendant, UNITED STATES OF AMERICA was negligent, careless and reckless in failing to properly supervise Andrew Randal Johnson.

89.    That at all times herein mentioned, the defendant, UNITED STATES OF AMERICA was negligent, careless and reckless in properly instructing, training and/or supervising Andrew Randal Johnson for the purpose of operating the subject vehicle involved in the within action.

90.     That at all times herein mentioned, Andrew Randal Johnson was unsuitable for employment by defendant UNITED STATES OF AMERICA.

91.     That at all times herein mentioned, the defendant, UNITED STATES OF AMERICA had notice, actual and/or constructive, that Andrew Randal Johnson was unsuitable for employment.

92.     That at all times herein mentioned, the defendant, UNITED STATES OF AMERICA, was negligent, careless and reckless in failing to discharge and/or fire Andrew Randal Johnson prior to the date of the occurrence.

93.     That at all times herein mentioned, the defendant, UNITED STATES OF AMERICA, was negligent, careless and reckless in retaining and/or failing to discharge employees such as Andrew Randal Johnson who was unsuitable for employment.

94.     That defendant, UNITED STATES OF AMERICA, was negligent, careless and reckless in failing to re-train Andrew Randal Johnson, for the purposes of operating the subject vehicle prior to the subject occurrence.

95.     That at all times herein mentioned, the United States Postal Service, was under a duty and/or obligation to promulgate and to enforce sufficient rules and regulations of and concerning safety standards for vehicles operated by the defendant UNITED STATES OF AMERICA.

96.     That at all times herein mentioned, the United States Postal Service, was negligent, careless and reckless in failing to promulgate and to enforce sufficient rules and regulations of and concerning safety standards for vehicles operated by the defendant UNITED STATES OF AMERICA.

97.    That at all times herein mentioned, the United States Postal Service, was negligent, careless and reckless in failing to hire, employ and competently train drivers for the purpose of operating their vehicles including the subject vehicle bearing USPS serial/identification number 2219251 involved in the within action.

98.    That at all times herein mentioned, the United States Postal Service, was negligent, careless and reckless in hiring Andrew Randal Johnson.

99.    That at all times herein mentioned, the United States Postal Service was negligent, careless and reckless in failing to train the defendant, Andrew Randal Johnson. professionally and properly.

100.    That at all times herein mentioned, the United States Postal Service was negligent, careless and reckless in failing to properly supervise Andrew Randal Johnson.

101.    That at all times herein mentioned, the United States Postal Service was negligent, careless and reckless in properly instructing, training and/or supervising Andrew Randal Johnson for the purpose of operating the subject vehicle involved in the within action.

102.    That at all times herein mentioned, Andrew Randal Johnson was unsuitable for employment by the United States Postal Service.

103.    That at all times herein mentioned, the United States Postal Service had notice, actual and/or constructive, that Andrew Randal Johnson was unsuitable for employment.

104.    That at all times herein mentioned, the United States Postal Service, was negligent, careless and reckless in failing to discharge and/or fire Andrew Randal

Johnson prior to the date of the occurrence.

105.    That at all times herein mentioned, the United States Postal Service, was negligent, careless and reckless in retaining and/or failing to discharge employees such as Andrew Randal Johnson who was unsuitable for employment.

106.    That at all times herein mentioned, the United States Postal Service, was negligent, careless and reckless in failing to re-train Andrew Randal Johnson, for the purposes of operating the subject vehicle prior to the subject occurrence.

107.    That by reason of the foregoing and the negligence of the defendant, the Plaintiff WINDSOR LUBIN, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

108.    By reason of the foregoing,  the Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the Plaintiff was subjected to great physical pain and mental anguish some of which injuries plaintiff is informed and believes to be permanent in nature and plaintiff has been confined to hospital, bed and home as a result thereof.

109.    That by reason of the foregoing, the Plaintiff WINDSOR LUBIN, was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medical treatment and medicines and upon information and belief, the Plaintiff will necessarily incur similar expenses in the future.

110.    That by reason of the foregoing, the Plaintiff WINDSOR LUBIN, has been

unable to attend to his usual occupation and/or vocation in the manner required.

111. This action falls within one or more exceptions to Article 16 of the New York Civil Practice Laws and Rules which applies to the within action.

112. That as a result of the foregoing, the Plaintiff, WINDSOR LUBIN, has sustained damages in the sum of FIVE MILLION ($5,000.000.00) DOLLARS all together with the costs, interest, and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF

113. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

114. That as a result of the above occurrence and the negligence of the defendants herein, the plaintiff, WINDSOR LUBIN, sustained property damage and loss of use of his aforesaid motor vehicle bearing New York registration KYD5397.

115. That as a result of the foregoing, the plaintiff, WINDSOR LUBIN has been damage in the sum of TWENTY-FIVE THOUSAND ($25,000) DOLLARS in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the plaintiff requests a jury trial.

**WHEREFORE,** the plaintiff, WINDSOR LUBIN demands judgment against

the defendant(s) on the first cause of action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS demands judgment against the defendant(s) on the second cause of action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, and on the third case of action in the sum of TWENTY-FIVE THOUSAND ($25,000) DOLLARS, all together with costs and disbursements of this action.

Dated: Floral Park, New York
      May 20, 2025

                    **THE TADCHIEV LAW FIRM**, **P.C**.

                        **/s/ *Simon B. Landsberg***

                        BY: Simon B. Landsberg, Esq.
                        *Attorney for PLAINTIFF*
                        *WINDSOR LUBIN*
                        Address and Telephone Number
                        299 Jericho Turnpike
                        Floral Park, New York 11001
                        (718) 380-1200

**ATTORNEY'S VERIFICATION**

DAVID S. DENDER, an attorney duly authorized to practice before the Courts of the State of New York, affirms the following under the penalties of perjury:

I am the attorney for the plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof, and the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The sources of this information and knowledge are investigations and records on file.

The reason I make this verification instead of plaintiff is that plaintiff resides outside of the County of Nassau, wherein I maintain my office.

Dated:     Floral Park, New York
           May 20, 2025


           /s/*Simon B. Landsberg*

           SIMON B. LANDSBERG, ESQ.

UNITED STATES DISCTICT COURT
EASTERN DISTRICT OF NEW YORK
==================================================

WINDSOR LUBIN,

                    Plaintiff,

        -against-

UNITED STATES OF AMERICA,


                    Defendant.
==================================================


**COMPLAINT and JURY DEMAND**


==================================================


**THE TADCHIEV LAW FIRM**, **P.C**.
*Attorney for Plaintiff*
*WINDSOR LUBIN*
Address and Telephone Number
299 Jericho Turnpike
Floral Park, N.Y. 11001
(718) 380-1200

# EXHIBIT 1

LAW DEPARTMENT
NATIONAL TORT CENTER



**UNITED STATES**
**POSTAL SERVICE**

May 1, 2024

Tadchieve Law Firm, P.C.
299 Jericho Turnpike
Floral Park, NY 11001

Re:    Claimant:              Windsor Lubin
       Date of Incident:      May 25, 2023
       NTC File No.:          NT202419061

Dear Tadchieve Law Firm, P.C.:

Please be advised that the above-referenced matter which was presented on behalf of Windsor Lubin with the United States Postal Service on February 26, 2024 has been assigned to the National Tort Center for adjudication.

This matter will be adjudicated as soon as possible; however, please be advised that pursuant to the Federal Tort Claims Act (28 U.S.C. §1346), the Postal Service has six (6) months from February 26, 2024 in which to complete its adjudication. Federal law mandates that "an action shall not be instituted" unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months. 28 U.S.C. §2675(a). Accordingly, once a valid claim is received by the Postal Service, the time period to file litigation does not begin until such time as a written denial is issued by the Postal Service or alternatively, Claimant may file, but is not required to file litigation, no sooner than six months from the date of presentment. State statute of limitations do not apply to FTCA matters.

As set forth in the instruction section of the SF-95, a claimant is required to provide documentation to support his/her claim. Based upon an initial review of this claim, please provide the following at your earliest opportunity:

☐ Nothing additional needed at this time
☐ Property damage supports
☐ Proof of ownership
☐ Salvage statement
☐ Declaration page from auto insurance policy
☒ Medical records
☒ Itemized medical bills
☒ No fault/PIP payment log
☐ Lien documentation
☐ Ambulance report
☐ Wage loss supports
☐ Police report
☐ Original signature on SF95
☐ Birth certificate/proof of guardianship/proof of conservatorship

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL:  314/345-5820
FAX:  314/345-5893

- 2 -

☐ Documentation signed by Claimant authorizing representation on this matter
☐ Other: _____

Any additional information and/or documentation supporting Claimant's matter should be provided to me directly, preferably via email in PDF format for most efficient transmittal and handling. My email address is set forth below. **Please note that the Department of Justice regulations and the Postal Service regulations regarding the presentment of tort claims do not provide for the presentment of electronic tort claims or electronic amended tort claims. Accordingly, the email address below may only be used for submission of supporting documentation and/or communication regarding this claim, and *never* for submission of tort claims or amended tort claims which must be presented as set forth in the regulations. *See* 28 CFR Part 14; 39 CFR Part 912.** Also please note that the Postal Service does not allow us to access drop boxes or other such electronic formats to obtain documentation; accordingly, to provide documentation in electronic format, you must email it directly to me in PDF format. Alternatively, if necessary, you may provide supporting documentation via mail to my attention to the National Tort Center, United States Postal Service, 1720 Market Street, Room 2400, St. Louis, Missouri 63155-9948. However, mailing the documentation may cause delays in the adjudication of this matter due to additional processing time necessitated by paper documents.

Please note: The United States Postal Service is not insured with any automobile insurance carrier, does not carry uninsured or underinsured motorist coverage and is not a self-insured entity. To the extent that the United States Postal Service is found liable for damages under the provisions of the Federal Tort Claims Act ("FTCA"), payment of any judgment is made from its general fund.

Be assured that the Postal Service works diligently to adjudicate all claims within the six month time period; however, it is possible that it might take a bit longer for us to be able to complete a thorough evaluation and consideration of this claim. You may contact the National Tort Center at any time to obtain a status on this claim. Furthermore, if you have not heard from the National Tort Center prior to expiration of the six month adjudication period, please do contact me for a status update prior to filing litigation.

Sincerely,

*Kaitlyn Judge*

Kaitlyn Judge
Tort Claims Examiner/Adjudicator
Tel: 314/345-5835
e-mail: kaitlyn.r.judge@usps.gov

/kz
cc:     Krista Riemma
        Tort Claims/Collections Specialist
        File No. 117-23-00584192B